## Doyle's Petition

*Sherrard & Sherrard*, for petitioner.
*Joseph W. Ray*, for Commonwealth.

DUMBAULD, P. J., May 1, 1940. — The petition of Charles E. Doyle represents to the court, inter alia, that he is the husband of Pauline Stewart Doyle and the father of ten children named in the petition. The oldest of these children is approximately twenty years of age, and the youngest was born on September 3, 1939. Petitioner resides with his family in Menallen Township, Fayette County, Pa.

His petition alleges that, since August 1939, he has been unable to secure employment. As a result of earlier employment with the H. C. Frick Coke Company he received, on the day of the hearing, compensation insurance in the amount of $67.15.

During an earlier period of unemployment, he made application to the Fayette County Board of Assistance for help. On June 27, 1938, his application was refused by the board.

In his present emergency he again applied to the Fayette County Board of Assistance, as it is at present constituted, for relief and was again refused.

On April 5, 1940, he appealed to the Appeals Committee of the Fayette County Board of Assistance. He has been advised by that body that his appeal has not been considered, though he was informally advised that he is not eligible for relief.

He alleges that he has been advised by the officers of the Fayette County Board of Assistance, as well as the board itself, that assistance is withheld because Mrs. E. B. Stewart, mother of his wife, in 1935, received a bequest from the estate of Elizabeth Fuller, deceased. The board of assistance took the position that he was ineligible "for relief because of available resources through legally responsible relatives", by reason of this bequest to Mrs. Stewart.

The board bases its action upon an alleged interpretation by the Department of Public Assistance of The Support Law of June 24, 1937, P. L. 2045.

Section 3 of that act contains this language:

"(a) The husband, wife, child, father, mother, grandparent and grandchild of every indigent person shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct;

"(b) The courts shall have power to hear, determine and make orders and decrees in such cases upon the peti-

tion of such indigent person, or of any other person, or any public body or public agency having any interest in the care, maintenance or assistance of such indigent person".

Petitioner, being otherwise unable to obtain urgently required assistance, presented a petition under clause (*b*) as quoted, for a rule on Mrs. E. B. Stewart, the mother-in-law of petitioner, to show cause why she should not support petitioner and his family under the requirements of the above-quoted act of assembly.

Upon this petition, we directed a rule requiring Mrs. E. B. Stewart and the Fayette County Board of Assistance to show cause why they or either of them should not furnish assistance to petitioner, Charles E. Doyle, an alleged indigent person.

We may have been without jurisdiction to require the board of assistance to answer such rule, but, on the day of the hearing, appearance was entered for the board by Joseph W. Ray, Esq., who stated the position of the board with reference to the case of Mr. Doyle.

The board of assistance made it clear that Mr. Doyle had been refused assistance because of an alleged ability, as well as an asserted liability, of Mrs. Stewart to furnish support and assistance to Doyle and his family.

This action was based, as stated, on a policy adopted by the State Board of Assistance in such cases.

With this construction of the act of assembly, we can in no wise agree. The law casts upon the husband and father of every family the duty of maintaining and supporting his wife and children. The wife has a right to look to the husband for support while he is alive and maintains his residence with her and the children. The minor children have a right to look to the father for maintenance, support, and education during their minority.

When, by reason of sickness, unemployment, or other unavoidable circumstance the head of such a family is not able to furnish such support and maintenance, he be-

comes, within the meaning of the act of assembly, an "in-digent" person. In this case Charles E. Doyle is the indigent person, not his wife and ten children. The law recognizes a family relationship and a family responsibility. Here there are not 12 separate indigent persons to be separately considered and dealt with. The indigent person entitled by law to support from any one of the designated relatives in this case is Charles E. Doyle.

Mrs. E. B. Stewart is neither the husband, wife, child, father, mother, grandparent, or grandchild of Charles E. Doyle. Neither this act of assembly, nor any other act of which we have knowledge, places upon the mother of a husband's wife the legal responsibility of caring for him and his family. Although she is the grandmother of each of his children, such relationship cannot, in any reasonable contemplation, place upon her the responsibility for maintaining these children separately and apart from their father and mother. To us a construction of this act of assembly which would place upon such a relative such a liability is utterly unreasonable and legally impossible.

We cannot, with authority, say to the Department of Public Assistance that it must furnish assistance to this petitioner. We can, however, say that there is no liability upon Mrs. Stewart to furnish such assistance.

We may also suggest that until an appellate court has decided that such liability attaches because of the language of this support law, the failure of the Department of Public Assistance to relieve hunger and nakedness by reliance upon such an interpretation may properly be considered unreasonable, and an arbitrary exercise of the power entrusted to it by a statute intended to relieve the urgent necessities of those who may otherwise be unable to avoid the cruel fate of being unable to supply sufficient food, adequate clothing, and comfortable shelter for the dependent members of the household.

### Order

Now, May 1, 1940, upon consideration, the rule heretofore granted, requiring Mrs. E. B. Stewart and the

Fayette County Board of Assistance to show cause, if any there be, why they or either of them should not furnish assistance to Charles E. Doyle, an alleged indigent person, be and the same hereby is discharged at the cost of the County of Fayette.